INHABITANTS OF PARSONSFIELD *versus* SAMUEL LORD & *al.*

By the st. 1832, c. 42, (Rev. St. c. 25, § 3,) the doings of the County Commissioners in locating a road must be made to, and recorded at, a term of their Court held next after such proceedings shall have been had and finished ; and not at an adjournment of a term commencing previously.

And although, if an applicant for a writ of *certiorari* has sustained no injury from the proceedings in locating the road complained of, and cannot sustain any, the petition may well be dismissed; yet if such proceedings are returned to a wrong Court, and there accepted, the error will not be considered of that character, and the writ will be granted.

SAMUEL LORD and others presented their petition at the regular term of the Court of the County Commissioners for the county of York, in May, 1840, wherein they prayed that a new road might be located from a certain point in the middle road village in Parsonsfield, to another point at Limerick corner in Limerick. After giving due notice the Commissioners met and heard the parties on the last Tuesday of September and concluded their report of their doings on the twenty-second day of December, in the same year. There were but two regular terms of the County Commissioners' Court in that county, the one commencing in May, and the other in October. The October term of that Court in 1840, was adjourned until the same twenty-second day of December, 1840 ; and on the same day the report was dated, it was accepted by the Court, and an adjudication made that a road should be established and made in conformity thereto. The road thus laid out was wholly within the limits of the town of Parsonsfield.

The inhabitants of Parsonsfield presented their petition to the Supreme Judicial Court, praying that a writ of *certiorari* might issue to the County Commissioners, to the end that the proceedings might be reversed. The reasons assigned were in substance : —

1. That the acceptance of the report and adjudication thereon were not at the next regular session of said Court after their proceedings had been finished, but at an adjournment of the preceding October session.

2. That the road located was entirely within the limits of

the town of Parsonsfield, and did not connect that town with any other town or plantation.

3. That the location of said road was not within the jurisdiction of the County Commissioners, the law having expressly prohibited them from acting in such case.

*Bradley*, for the petitioners, contended that an adjourned term or session of the Court, could not be considered as the next regular session after the proceedings were finished, as required by the St. 1832, c. 42, § 1. 1 Mass. R. 411; 5 Mass. R. 436; 6 Mass. R. 492.

The County Commissioners had no power to act, where the road was wholly within any one town and did not connect that town with any other town or plantation. This is expressly forbidden by the St. 1839, c. 367. Merely putting another piece of road with it in the petition, where nothing was done, cannot give jurisdiction to the Court, or enable them to evade the provisions of the statute. 1 Fairf. 24; 8 Greenl. 271; 21 Maine R. 377.

*Mc'Intire*, for the respondents, contended that the session of the Court, at which the adjudication was made, was a regular one, and was holden after the proceedings were finished and the report made. It was a session at which the general business was transacted, in contradistinction to one holden only for a particular and specific purpose. That it was a session by adjournment, does not affect its regularity. The object of the statute was to prevent the calling up and acceptance of reports long after they were made; it was for the purpose of hastening and not of delaying the action of the Court. The granting of this writ is an exercise of the discretionary powers of this Court, and the Court will not give its aid to reverse the proceedings upon a mere technicality, where no one is injured, as this must be considered, even if the construction of the other party is right.

The Commissioners had jurisdiction of the subject matter, and power to act as they did. The object of the statute, c. 367, which seems to have been passed for some temporary

purpose, as it was soon repealed, merely prohibits the Commissioners from having original jurisdiction in laying out town and private ways. But here the petition was for a public road leading from a village in one town to the principal village of another town, and thereby connecting with the roads principally travelled. The connexion between the towns was none the less necessary, because the portion of land connecting two public roads from town to town, was wholly within the limits of one town. Their construction would prevent the location of the road by any authority ; for it could not be laid out as a town road, being for the public generally, and not for the benefit of Parsonsfield alone. The mere fact, that the part of the road actually located is wholly within one town, furnishes no evidence that it does not "connect said town or plantation with some other town or plantation."

The opinion of the Court was by

WHITMAN C. J. — This is a petition for a *certiorari.* The complaint is, that the County Commissioners have located a road, wholly within the limits of Parsonsfield, in violation of the statute of 1839, c. 367 ; and that their report of their doings therein was returned to, and accepted and recorded at, a Court of the County Commissoners, which commenced its regular session anterior to the completion of their doings in the location of said road, contrary to the provision contained in the statute of 1832, c. 42, § 1. It appears, that the road was laid out in the year 1840 ; and the doings of the Commissioners, in reference thereto, were completed on the twenty-second of December of that year ; and returned and recorded at an adjournment of the Court, held on that day ; the regular session of which had commenced in the month of October previous.

The Commissioners were bound of course to have been guided by the law, as in force at that time. The statute of 1839 forbade their laying out any public highway wholly within the limits of any particular town ; and the highway in question seems to have been so located. But, the application

for the laying out, was for a road extending from the interior of one town, into the interior of another, and so did not contemplate the laying out of a road, wholly in one of them ; and the Commissioners would seem to have been of opinion that the object of the petitioners, and the interest of the public, would be best subserved by laying out a part of the road prayed for, which part was within the limits of Parsonsfield, and which would connect with two other roads, thereby conveniently extending the communication between the termini, named in the petition, without laying out a road for the whole extent prayed for.

Whether this act, on the part of the commissioners, can be justly considered, under the circumstances, as in violation of the statute of 1839, when viewed with reference to its true scope and design, may at least admit of doubt. It must be admitted, that there is much force in the argument of the counsel for the defendants, that, as there was, in this case, an application for the laying out of a road intended, in the express language of the statute, to " connect said town or plantation with some other town or plantation ;" and for a road actually extending from the interior of one town into the interior of another, and as the road actually located, to every intent and purpose, accomplished that object, the doings of the Commissioners were within a sensible construction to be put upon that act. At any rate the petitioners have sustained no greater injury by this laying out, than they would by the laying out of a road the whole distance prayed for, so far as appears.

Besides, the act of 1839 was repealed in 1841, so that now, and before the act of 1839, the Commissioners would have had authority to do precisely what they have done ; even if the original application were for the laying out of the road wholly in Parsonsfield. If their doings were, therefore, to be reversed for this cause, they would have power to re-locate the same piece of road ; and it may be presumed that they would do so, as they have once adjudged it to be of common necessity and convenience. If we have, as it must be conceded we have, a

right to exercise a sound discretion in granting a *certiorari*, it may well deserve consideration, whether it should not be refused, if this were the only cause assigned for granting it.

We will now proceed to an examination of the other cause assigned by the petitioners for granting the writ. The statute of 1832, ch. 42, § 1, explicitly requires the doings of the County Commissioners, in such cases, to be returned "to the regular session of said County Commissioners' Court, held next after such proceedings shall have been had and finished." The question is, were the proceedings so returned, in reference to the road in question? What was the regular session of the court, held next after the completion of the doings of the commissioners? It is contended, that a session held by adjournment, satisfies the requirement of the statute. If it had been required, that the return should be made at the next regular term of said court, we presume no one would have doubted, that the return must have been made to a term of the court commencing next after the completion of the doings of the Commissioners. Now, were not the words, next regular session, in the act, used as synonymous with the words, next regular term? Suppose the doings in laying out and locating the road had been completed on the day next succeeding that of a commencement of a regular term, and the court should be continued by adjournment from day to day till the third day of the term, would those doings be returnable to the court, so holden by adjournment on such third day of the term? This adjournment would be as much the next regular session of the court as it would be, if the court were adjourned over a number of days, or weeks, or months. The session of a court includes all its adjournments, which are but parts of its session. If an appeal were granted from one court, to the regular session of another court, to be held next after the granting of the appeal, could an appeal so granted be entered at an adjournment of a session of such other court, which commenced its session anterior to the granting of the appeal? Manifestly not: and yet it is not discernable that such a case would in principle, be dissimilar to the one under consideration. We

cannot, therefore, entertain any doubt, that the return of the doings of the Commissioners should have been made to, and recorded at, a term of their court, held next after the completion of their doings; and not at the adjournment of a term commencing previously.

A question still remains. Was this such an error as should induce us to yield to the desire of the petitioners? Mere informalities, not productive, or likely to be productive of injury to any one, would not be good ground for granting a *certiorari*. If an applicant for such a writ has sustained no injury from the proceedings complained of, and cannot sustain any, we might well dismiss his petition. But the petitioners in this case had an interest in having the doings of the Commissioners returned to the proper Court. They could not be bound to take notice, that they would be otherwise presented. They had an interest in fixing the time within which they should be required to make the road; and would be bound forever afterwards to keep it in repair. They had a right to be apprised of every important step to be taken with regard to it. They could not be required to look for the presentation of the doings of the Commissioners at any other than the next regular session or term of their Court. Besides, the error can hardly be deemed one of mere form. On the whole we conclude that a *certiorari* must be granted.